## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: ENFORCEMENT OF A RESTRAINING ORDER BY THE UNITED KINGDOM CENTRAL CRIMINAL COURT TO RESTRAIN THE FOLLOWING PROPERTIES OWNED OR CONTROLLED BY JAMES STUNT, ET AL. IN THE UNITED STATES INCLUDING:<br><br><br><br>53 PIECES OF ARTWORK IDENTIFIED IN SCHEDULE C OF THE UNITED KINGDOM'S AUGUST 29, 2018 RESTRAINING ORDER | ) ) ) ) ) ) ) ) ) ) Misc ) No. 22-40 ) ) ) |

## ~~[PROPOSED]~~ RESTRAINING ORDER

This matter having come before this Court on the application of the United States of America for a restraining order, pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii) and 18 U.S.C. § 983(j)(1), which provides U.S. district courts with jurisdiction to register and enforce foreign restraining orders and take such other action in connection with any property or other interest subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture; and, IT APPEARING TO THE COURT THAT:

WHEREAS, through information provided to this Court in the Application by the United States for Restraining Order pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii) and 18 U.S.C. §983(j)(1), the United States is requesting enforcement of an August 29, 2018, Restraining Order and January 25, 2022 Order issued by the Central Criminal Court of the United Kingdom to preserve any or all interest in the properties currently under the control of the defendant, James Stunt, that is 53 pieces of artwork identified in Schedule C of the Restraining Orders.

a.   This Court has jurisdiction over the subject matter of this case;

b.   Pursuant to 28 U.S.C. §2467(c)(2)(B), venue is appropriate in the United States District Court for the District of Columbia;

c.   The United States and the United Kingdom are parties to a Mutual Legal Assistance Treaty that entered into force on December 2, 1996. *See* Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters, U.S.-U.K., Jan. 6, 1994, S. Treaty Doc. No. 104-2 (1996) (the "MLAT"), Art. 1;

d.   The restraining order issued by the United Kingdom Central Criminal Court, on August 29, 2018, establishes that criminal proceedings are pending in the United Kingdom against James Stunt and his associates.  The restraining order and the variance entered on January 25, 2022, further provides that the specified properties owned by James Stunt are subject to forfeiture under the United Kingdom's laws;

e.   The criminal conduct giving rise to forfeiture under the United Kingdom's laws constitutes conduct that would give rise to forfeiture under 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C) or 28 U.S.C. § 2461(c), if committed in the United States;

f.   The Attorney General's authorized designee, in the interest of justice, has certified the attached United Kingdom restraining order for enforcement against the captioned assets;

g.   The United Kingdom restraining orders appear to have been rendered under a system of law compatible with the requirements of due process;

h.   The United Kingdom's Central Criminal Court that entered the restraining orders appears to have jurisdiction over the subject matter; and

i.   There is no indication that the restraining order issued by the United Kingdom's Central Criminal Court was obtained by fraud.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii) and 18 U.S.C. §983(j)(1), THAT:

1.   The restraining orders issued by the United Kingdom's Central Criminal Court, which are attached as Exhibit A to this order, are hereby registered and enforced with this Court;

2.   The following property is hereby RESTRAINED:

   - 53 pieces of artwork identified in Schedule C of the August 29, 2018,

Restraining Order issued by the United Kingdom's Central Criminal Court.

3.  All persons, including the United Kingdom defendant, James Stunt, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and anyone holding any interest in the above referenced artwork;

   a.  be and are hereby ENJOINED AND RESTRAINED from transferring, selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of or removal from the jurisdiction of this Court the aforementioned property, without prior approval of this Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order or any future Orders entered by this Court; and

   b.  shall allow the Federal Bureau of Investigation or U.S. Marshal's Service to monitor compliance with this Order by all lawful means available.

5.  The terms of this Order shall remain in full force and effect until the United Kingdom proceedings described above are concluded and any forfeiture judgments obtained therein have been presented for enforcement to this Court, or said Properties are sought by United Kingdom authorities to be released; and

6.  The United States shall make its best efforts to provide a copy of this Court's Order upon individuals and entities affected by this Order, and to anyone else known to the United States as holding a protected interest in the Properties; and

7.  The United States may serve a copy of this Order on any affected business or individual by facsimile or electronic mail.

**SO ORDERED.**

Dated:  4/4/22

_____
UNITED STATES DISTRICT COURT JUDGE

**DISOBEDIENCE TO THIS ORDER IS A CONTEMPT OF COURT WHICH IF YOU ARE AN INDIVIDUAL IS PUNISHABLE BY IMPRISONMENT OR IF YOU ARE A BODY CORPORATE IS PUNISHABLE BY SEQUESTRATION OF YOUR ASSETS AND BY IMPRISONMENT OF ANY INDIVIDUAL RESPONSIBLE**

**IN THE CENTRAL CRIMINAL COURT**

**Before Her Honour Judge Munro QC**　　　　　**RSTO 8 of 2018**

**Sitting in Private**

**Dated 29th August 2018**

**IN THE MATTER OF JAMES ROBERT FREDERICK STUNT**

**(Alleged Offender)**

**AND**

**IN THE MATTER OF THE PROCEEDS OF CRIME ACT 2002**

---

**RESTRAINT ORDER PROHIBITING DISPOSAL OF ASSETS**

---

**TO:**　　**(1) James Stunt (the Alleged Offender)**

　　　　**(2) Stunt & Co Limited**

　　　　**(3) Copperbeech Design Limited**

　　　　**(4) Harry Watling**

**<u>PENAL NOTICE</u>**

**If you the Alleged Offender, Stunt & Co Limited, Copperbeech Design Limited or Harry Watling disobey this Order you may be held to be in contempt of court and may be imprisoned, fined or have your assets seized.**

**Any other person who knows of this order and does anything which helps or permits the Alleged Offender, Stunt & Co Limited, Copperbeech Design Limited or Harry Watling to breach the terms of this Order may also be held to be in contempt of court and may be imprisoned, fined or have their assets seized.**

1

**IMPORTANT: Notice to the Alleged Offender, Stunt & Co Limited, Copperbeech Design Limited and Harry Watling**

This order prohibits you, the Alleged Offender, from dealing with your assets. It prohibits Stunt & Co Limited from dealing with the assets identified in paragraph 8 of this Order. It prohibits Copperbeech Design Limited from dealing with the assets identified in paragraph 9 of this Order. It prohibits Harry Watling from dealing with the assets identified in paragraph 10 of this Order

The order is subject to the exceptions contained in the order. You should read it all carefully.

You are advised to consult a solicitor as soon as possible. Under paragraph 40 of schedule 1 of the Legal Aid, Sentencing and Punishment of Offenders Act 2012, you may be entitled to Community Legal Service Funding in respect of this Order. Your solicitor will be able to provide you with the appropriate forms. You should contact the Special Case Unit, Legal Aid Agency, 6th Floor, 102 Petty France, London, SW1H 9JA, DX 161440 Westminster 8, who will be able to advise you as to any public funding available. In relation to civil funding general enquiries may be directed to the Legal Aid Agency telephone helpline: 0845 345 4345.

If you are a defendant in criminal proceedings to which this Order is ancillary and you have the benefit of a Representation Order then your solicitor may be able to give you advice and assistance within the scope of that Representation Order.

You have a right to ask this court to vary or discharge this order, see paragraph 15 below. If you wish to do this you must serve the application and the witness statement in support of the application on the Crown Prosecution Service and the Alleged Offender, Stunt & Co Limited, Copperbeech Design Limited and Harry Watling at least two clear working days before the date fixed by the Crown Court for the hearing of the application.

There is an interpretation section at paragraphs 29 – 30 of this order.

## THE ORDER

1.    This is a Restraint Order made against James Stunt ("the Alleged Offender"), Stunt & Co Limited, Copperbeech Design Limited and Harry Watling on 29th August 2018 by Her Honour Judge Munro QC on the application of the Crown Prosecution Service ("the Prosecutor"). The Judge read the witness statement listed in Schedule A, heard evidence from Financial Investigator Neil Barker, and heard submissions from counsel for the Prosecutor at a hearing on 28th August 2018, and accepted the undertakings set out in Schedule B to this order.

2.    This order was made at a hearing without notice to the Alleged Offender, Stunt & Co Limited, Copperbeech Design Limited and Harry Watling. The Alleged Offender, Stunt & Co Limited, Copperbeech Design Limited and Harry Watling have a right to apply to the court to vary or discharge the order - see paragraph 15 below.

### DISPOSAL OF OR DEALING WITH ASSETS

3.    The Alleged Offender must not:-

(1)    remove from England and Wales any of his assets which are in England and Wales or

(2)    in any way dispose of, deal with or diminish the value of any of his assets whether they are in or outside England and Wales.

4.    Paragraph 3 applies to all the Alleged Offender's assets whether or not the assets are described in this order or are transferred to the Alleged Offender after the order is made, whether or not they are in

his own name and whether they are solely or jointly owned. For the purpose of this order the Alleged Offender's assets include any asset which he has the power, directly or indirectly, to dispose of or deal with as if it were his own. The Alleged Offender is to be regarded as having such power if a third party holds or controls the asset in accordance with his direct or indirect instructions.

5. This prohibition includes (but is not limited to) the following assets in particular:-

(1) The property known as 13 The Belvedere, London SW10 0XA, title number NGL619692 in the name of James Stunt, or the net sale money after payment of any mortgages if it has been sold;

(2) The property known as 14 The Belvedere, London SW10 0XA, title number NGL607814 in the name of James Stunt, or the net sale money after payment of any mortgages if it has been sold;

(3) The property known as Henley House, 1a South Easton Place, London SW1W 9ES, title number NGL922113 in the name of Copperbeech Design Limited, or the net sale money after payment of any mortgages if it has been sold

(4) The property known as 61 Eaton Mews West, London SW1W9ET, title number NGL918602 in the name of Copperbeech Design Limited, or the net sale money after payment of any mortgages if it has been sold

(5) The property known as Roof Terrace at 1a South Eaton Place, title number NGL922115 in the name of Copperbeech Design Limited, or the net sale money after payment of any mortgages if it has been sold

(6) The land known as 78/X lying to the north of Weeke Hill, Dartmouth, title number DN586730 in the name of James Stunt, or the net sale money after payment of any mortgages if it has been sold.

(7) The land known as plot 52/G lying to the north of Weeke Hill, Dartmouth, title number DN454102 in the name of James Stunt, or the net sale money after payment of any mortgages if it has been sold;

(8) 100% shareholding in Stunt & Co Limited, company number 9324960;

(9) 100% shareholding in Stunt Acquisitions Limited, company number 8891590;

(10)   The investment account held with Connor Broadley, account number 1005667, in the name of James Stunt;

(11)   Bentley Flying Spur vehicle with registration S4UNT;

(12)   Range Rover vehicle with registration S2UNT;

(13)   Lamborghini Countach vehicle with registration 157UNT;

(14)   Rolls Royce Phantom vehicle with registration 57UNT;

(15)   Lamborghini Aventador vehicle with registration S7UNT;

(16)   Range Rover vehicle with registration S1UNT;

(17)   Rolls Royce Phantom vehicle with registration, S3UNT;

(18)   Lamborghini Aventador vehicle with registration, S1VNT;

(19)   Bentley Mulsanne vehicle with registration, S6UNT;

(20)   Any monies held in the Lloyds Bank account number 301674 20584360 in the name of James Stunt;

(21)   Any monies held in the Lloyds Bank account number 301674 22040168 in the name of James Stunt;

(22)   Any monies held in the Lloyds Bank account number 301674 28632160 in the name of James Stunt;

(23)   Any monies held in the Lloyds Bank account number 309368 19085260 in the name of James Stunt;

(24)   Any monies held in the Barclays Bank account number 208014 00400831 in the name of James Stunt;

(25)   A Corney & Barrow wine collection, reference number STU6500, held in the name of James Stunt;

(26)   Any monies held in the Barclays Bank account number 206582 93993698 in the name of Stunt & Co;

(27)   Any monies held in the Barclays Bank account number 206582 83242668 in the name of Stunt & Co;

(28)   Any monies held in the Barclays Bank account number 206582 77848188 in the name of Stunt & Co;

(29)   Any monies held in the Barclays Bank account number 206582 46374777 in the name of Stunt & Co.

**AND IT IS ORDERED THAT:-**

6.    The assets of Stunt & Co Limited be treated as the personal assets of the Alleged Offender.

7.    The assets of Copperbeech Design Limited be treated as the personal assets of the Alleged Offender

**OTHER PARTIES**

8.    Stunt & Company must not:-

(1)    remove from England and Wales or

(2)    in any way dispose of or deal with or diminish the value of the following assets –
- (a) Any monies held in the Barclays Bank account number 206582 93993698 in the name of Stunt & Co;
- (b) Any monies held in the Barclays Bank account number 206582 83242668 in the name of Stunt & Co;
- (c) Any monies held in the Barclays Bank account number 206582 77848188 in the name of Stunt & Co;
- (d) Any monies held in the Barclays Bank account number 206582 46374777 in the name of Stunt & Co.

6

9. Copperbeech Design Limited must not:

    (1) remove from England and Wales or

    (2) in any way dispose of or deal with or diminish the value of the following assets –

> (a) the property known as Henley House, 1a South Easton Place, London SW1W 9ES, title number NGL922113 in the name of Copperbeech Design Limited or the net sale money after payment of any mortgages if it has been sold;
>
> (b) the property known as 61 Eaton Mews West, London SW1W9ET, title number NGL918602 in the name of Copperbeech Design Limited or the net sale money after payment of any mortgages if it has been sold;
>
> (c) the property known as Roof Terrace at 1a South Eaton Place, title number NGL922115 in the name of Copperbeech Design Limited or the net sale money after payment of any mortgages if it has been sold.

10. Harry Watling must not:-

    (1) remove from England and Wales or

    (2) in any way dispose of or deal with or diminish the value of the following assets –

> (a) Any monies held in the Barclays Bank account number 206582 93993698 in the name of Stunt & Co;

(b) Any monies held in the Barclays Bank account number 206582 83242668 in the name of Stunt & Co;

(c) Any monies held in the Barclays Bank account number 206582 77848188 in the name of Stunt & Co;

(d) Any monies held in the Barclays Bank account number 206582 46374777 in the name of Stunt & Co.

## PROGRESS OF INVESTIGATION

11. The Prosecutor must report on the progress of the investigation six months after the date of this Order by way of a written report to be served upon the Court and the parties listed on the front of this Order and every six months thereafter, but such requirement shall cease if the Alleged Offender is charged by the Prosecutor in relation to the matters currently under investigation.

## PROVISION OF INFORMATION

12. The Alleged Offender must serve a witness statement certified by a statement of truth on the Prosecutor within 21 days after this order has been served on him setting out the following:

   a. An itemised list of all works of art (including but not exclusively paintings, furniture, watches, jewellery and objet d'art) in which the Alleged Offender, Stunt & Co Limited and Stunt Acquisitions Limited hold any interest, whether in their possession or held on their behalf by any third party.

   b. The current market value of all works of art detailed in (a) above together with any supporting documentation evidencing that valuation if available, or an estimate of the current value if no formal valuation is available.

   c. The current location of all works of art detailed in (a) above.

8

    d. Details of the divorce settlement between the Alleged Offender and Petra Stunt (nee Ecclestone) including:

        i.     whether a lump sum payment has been made;

        ii.    the amount and date of any such payment;

        iii.   whether any further payments are to be made;

        iv.   the amount of any such further payment and the term over which payments are to be made;

        v.    the bank account into which any future payments are to be made.

And producing:

    e. Photographs of all of the items detailed at (a) above;

    f. Documentation to show the purchase of all works of art detailed in (a) above by the Alleged Offender, Stunt & Co Limited and Stunt Acquisitions Limited, or by a third party on behalf of any of those persons.

13.    (1)    Subject to any further order of the court any information given in compliance with this order shall only be used:-

        (a)   for the purpose of these proceedings;

        (b)   if the Alleged Offender is convicted, for the purposes of any confiscation hearing that may take place; and

        (c)   if a confiscation order is made, for the purposes of enforcing that order, including any receivership proceedings.

(2) Paragraph 13 (1) does not prevent the Prosecutor or counsel instructed by the Prosecutor from considering any information disclosed in compliance with this order for the purposes of discharging the Prosecutor's disclosure obligations in any criminal proceedings to which these proceedings are ancillary, whether under the Criminal Procedure and Investigations Act 1996 or the common law.

(3) There shall be no disclosure of any material disclosed in compliance with this order to any co-defendant in any criminal proceedings to which these proceedings are ancillary.

(4) However, nothing in this paragraph shall make inadmissible any disclosure made by the Alleged Offender in any proceedings for perjury relating to that disclosure.

## EXCEPTIONS TO THIS ORDER

14. (1) This Order does not prohibit the Alleged Offender, on the proviso that he is not in prison, from spending up to £1000 a week towards his ordinary living expenses, up to the date of the making of any confiscation order. Before starting to withdraw money in respect of his living expenses, the Alleged Offender must contact the Prosecutor to nominate a bank account or source of income from which such monies will be drawn and must obtain the consent of the Prosecutor in writing to the use of that account or income for that purpose.

(2) This Order does not prohibit the Alleged Offender from paying, each and every month, any mortgage instalments in respect of mortgages or other loans presently secured against the properties set out in paragraph 5 (1) – (5) above, in such amounts as the mortgagees (or lenders) shall require, but the

Alleged Offender shall notify the Prosecutor in writing within 14 days after the end of every calendar month of the amount of each payment and the bank account(s) from which the payments have been made.

(3)   This Order does not prohibit the Alleged Offender from spending any money he may receive by way of state benefit from the Department for Work and Pensions and/or Her Majesty Revenue and Customs.

(4)   This Order does not prohibit the Alleged Offender from spending towards his ordinary living expenses any sum earned by him whilst he is in prison.

(5)   This Order does not prohibit the Alleged Offender from making a relevant legal aid payment provided that the following conditions are met: (i) a confiscation and/or compensation order has been made against him in the proceedings to which this Order relates, and (ii) the confiscation and/or compensation order (as made or as varied) has been paid in full.

(6)   This Order does not prohibit any person from paying any money in satisfaction of the whole or part of any confiscation order which may be made against the Alleged Offender.

## VARIATION OR DISCHARGE OF THIS ORDER

15.   Anyone affected by this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must serve the application and the witness statement in support of the application on the Prosecutor and the Alleged Offender, Stunt & Co Limited, Copperbeech Design Limited and

11

Harry Watling at least two clear working days before the date fixed by the Crown Court for the hearing of the application.

16. The Alleged Offender may agree with the Prosecutor that this Order be varied in any respect, but any such agreement must be in writing.

## EFFECT OF THIS ORDER

17. A person who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

18. A person who is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## PARTIES OTHER THAN THE DEFENDANT

### Effect of this order

19. It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned or fined. He is also at risk of prosecution for a money laundering offence.

### Set off by banks

20. This order does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the Alleged Offender before it was notified of this order.

### Withdrawals by the alleged offender

21. No bank need enquire as to the application or proposed application of any money withdrawn by the Alleged Offender if the withdrawal appears to be permitted by this order.

**Seized Cash**

22.　　This Order does not apply to any cash while it is seized or detained under Part 5 of the Proceeds of Crime Act 2002, or while it is detained or forfeited by order of a court under that Part. "Cash" is to have the meaning given to it by section 289(6) of that Act.

**Existing Charges**

23.　　This order does not prevent any financial institution or other charge holder from enforcing or taking any other steps to enforce an existing charge it has in respect of a property or properties so secured, providing that the said financial institution gives written notice to the Alleged Offender, the Prosecutor and any other affected third party no later than 21 days before any such application is made. If any evidence is to be relied upon in support of any such application, the substance of it must be communicated to the Prosecutor in advance.

**Persons outside England, Wales, Scotland and Northern Ireland**

24.　　(1)　　Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court, Scotland or Northern Ireland.

　　　　(2)　　The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court, Scotland or Northern Ireland:-

　　　　　　(a)　　a person to whom this order is addressed or the officer or agent appointed by power of attorney of such a person;

　　　　　　(b)　　any person who:-

(i)    is subject to the jurisdiction of this court, Scotland or Northern Ireland;

(ii)   has been given written notice of this order at his residence or place of business within the jurisdiction of this court, Scotland or Northern Ireland; and

(iii)  is able to prevent acts or omissions outside the jurisdiction of this court, Scotland or Northern Ireland which constitute or assist in a breach of the terms of this order; and

(c)   any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

**Enforcement in Scotland and Northern Ireland**

25.   This order shall have effect in the law of Scotland and Northern Ireland, and may be enforced there, if it is registered under the Proceeds of Crime Act 2002 (Enforcement in Different Parts of the United Kingdom) Order 2002.

**Assets located outside England and Wales**

26.   Nothing in this order shall, in respect of assets located outside England and Wales, prevent any third party from complying with-

(1)   what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract to which it is a party; and

14

(2)    any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Prosecutor;

unless those assets are situated in Scotland or Northern Ireland, in which case this order must be obeyed there.

## UNDERTAKINGS

27.    The Prosecutor gives to the court the undertakings set out in Schedule B to this order.

## DURATION OF THE ORDER

28.    This order will remain in force until it is varied or discharged by a further order of this court.

## INTERPRETATION

29.    Reference to the "Alleged Offender" means James Stunt. Reference to an asset belonging to the Alleged Offender includes any property in which he has an interest and any property to which he has a right.

30.    A period of time expressed as a number of days shall be computed as clear days as defined in rule 33.2 of the Criminal Procedure Rules.

## COSTS

31.    The costs of this order are reserved.

**COMMUNICATIONS WITH THE COURT**

All communications to the court about this order should be sent to the Central Criminal Court, Old Bailey, London, EC4M 7EH, quoting the case number. The office is open between 10am and 5pm Monday to Friday. The telephone number is 0207 192 2739.

**ADDRESS OF THE PROSECUTOR FOR SERVICE AND ANY COMMUNICATION IN RESPECT OF THESE PROCEEDINGS**

All communications to the Prosecutor about this order should be sent to the Crown Prosecution Service Proceeds of Crime, 102 Petty France, London, SW1H 9EA, telephone number 020 3357 0337, quoting the Defendant's name. The CPS is open between 9am and 5pm Monday to Friday.

**Signed:**

COURT STAMP

**Her Honour Judge Munro QC**

**Dated this 29th day of August 2018**

## SCHEDULE A
## WITNESS STATEMENTS

(1)     Witness Statement of Neil Barker dated 16th August 2018.


## SCHEDULE B
## UNDERTAKINGS GIVEN TO THE COURT BY THE PROSECUTOR

(1)     The Prosecutor will serve upon the Alleged Offender, Stunt & Co
        Limited, Copperbeech Design Limited and Harry Watling:-

        (a)     a copy of this order; and
        (b)     a copy of the witness statement containing the evidence
                relied upon by the Prosecutor, and any other documents
                provided to the court on the making of the application.


(2)     Anyone notified of this order will be given a copy of it by the
        Prosecutor.


(3)     The Prosecutor will pay the reasonable costs of anyone other than
        the Alleged Offender, Stunt & Co Limited, Copperbeech Design
        Limited or Harry Watling which are incurred as a result of this order
        including the costs of finding out whether that person holds any of
        the alleged offender's assets, save that the Prosecutor will not
        without an order of the court be obliged to pay any legal or
        accountancy costs so incurred unless the Prosecutor first gives its
        consent in writing.

**DISOBEDIENCE TO THIS ORDER IS A CONTEMPT OF COURT WHICH IF YOU ARE AN INDIVIDUAL IS PUNISHABLE BY IMPRISONMENT OR IF YOU ARE A BODY CORPORATE IS PUNISHABLE BY SEQUESTRATION OF YOUR ASSETS AND BY IMPRISONMENT OF ANY INDIVIDUAL RESPONSIBLE**

**IN THE CENTRAL CRIMINAL COURT**          **RSTO 8 of 2018**

**Sitting in Private**

**IN THE MATTER OF JAMES ROBERT FREDERICK STUNT**

**(Defendant)**

**AND**

**IN THE MATTER OF THE PROCEEDS OF CRIME ACT 2002**

---

**VARIATION OF A RESTRAINT ORDER**

---

**UPON** this Court (Her Honour Judge Munro QC) making a restraint order ("the Restraint Order") against the assets of James Robert Frederick Stunt ("the Alleged Offender") pursuant to sections 40 and 41 of the Proceeds of Crime Act 2002 on 29 August 2018 (as subsequently varied)

**AND UPON** the parties agreeing terms **AND BY CONSENT**

**IT IS ORDERED THAT**:

1. The following paragraph shall be added to the Restraint Order:

   "5 (30) The assets particularised in Schedule C to this Order."

2. Schedule C shall be added to the Restraint Order in the terms attached to this variation order.

1



3.  There shall be no order as to the costs of this variation.


**WE HEREBY AGREE TO A VARIATION IN THESE TERMS**




Signed:                                          **(for the Defendant)**


**Dated:    25th January 2022**



**Signed:    …*Sian    Davies*………………………………    (for    the**

**Prosecutor)**


**Dated: …25-1-22…………………………………..**



Signed ……………………………    the Honour Judge Lucraft QC

Dated this 28 day of January 20 22

## Schedule C to the Restraint Order of 29.08.18

|     | Artist | Title |
| --- | --- | --- |
| 1 | John Constable | View of East Bergholt House |
| 2 | Thomas Gainsborough | Lord Mulgrave |
| 3 | Thomas Gainsborough | Colonel David Robert Michel of the Dorset Militia |
| 4 | Follower of Sir Godfrey Kneller | William III of Orange |
| 5 | Sir Thomas Lawrence | The Prince Regent |
| 6 | Follower of Sir Thomas Lawrence | Portrait of a Gentleman |
| 7 | Sir Peter Lely | Lady Anne Strode |
| 8 | Studio of Sir Peter Lely | Ms. Jane Dering |
| 9 | Studio of Sir Peter Lely | William Fiennes |
| 10 | Studio of Sir Peter Lely | Lady Sophia Bulkeley |
| 11 | Studio of Sir Peter Lely | Self-Portrait |
| 12 | Sir Peter Lely | Lady Mary Walter |
| 13 | Circle of Sir Peter Lely | Prince Rupert of the Rhine |
| 14 | Sir Peter Lely | The Finding of Moses |
| 15 | Studio of Sir Peter Lely | Prince Rupert of the Rhine, 1st Due of Cumberland |
| 16 | Studio of Sir Peter Lely | Lady Essex Finch |
| 17 | Follower of Sir Peter Lely | Queen Mary II |
| 18 | Sir Peter Lely | Lady Barrett of Newburgh |
| 19 | Sir Peter Lely | Lady with a Staff |
| 20 | Sir Peter Lely | Neil Gwyn |
| 21 | Sir Peter Lely | Portrait of a Lady in a Blue Dress |
| 22 | Sir Peter Lely | Countess of Northumberland |
| 23 | Sir Peter Lely | Elizabeth, Countess of Peterborough |
| 24 | Sir Joshua Reynolds | A Child with Guardian Angels |
| 25 | Sir Joshua Reynolds | Barbara, Countess of Scarborough |
| 26 | George Romney | Portrait of Captain Bryce |
| 27 | After Anthony van Dyck | Thomas Wentwoth |
| 28 | Circle of Anthony van Dyck | Queen Henrietta Maria |
| 29 | After Anthony van Dyck | King Charles 1st |
| 30 | Franz Van Stampart | William III of Orange |
| 31 | Robert Marc | Untitled |
| 32 | Robert Marc | Untitled |
| 33 | Robert Marc | Untitled |
| 34 | Robert Marc | Untitled |
| 35 | Joan Miro | Danseuse Creole |
| 36 | After Pablo Picasso | Cheval de Cirque |
| 37 | After Pablo Picasso | Cheval de Cirque |
| 38 | Pablo Picasso | The Departure, Plate VII |
| 39 | Pablo Picasso | The Departure, Plate VI |
| 40 | Pablo Picasso | Le Banderillero |
| 41 | Pablo Picasso | Le Dejenuer sur L'Herbe de Manet |
| 42 | After Pablo Picasso | Cheval de Cirque |
| 43 | Andy Warhol | Dollar Sign (Quadrant) |
| 44 | Andy Warhol | Mao |
| 45 | Sir Peter Lely | Duchess of Argyll |
| 46 | Sir Peter Lely | Edward Hyde, 1st Earl of Clarendon |
| 47 | Sir Peter Lely | Lord Chief Justice Glynn |
| 48 | Studio of Gerrit Van Honthorst | Portrait of Gerrit Van Honthorst |
| 49 | Salvador Dali | Lincoln in Dali Vision |
| 50 | Pablo Picasso | L'Age du Soleil |
| 51 | Unknown | Skin Game |
| 52 | Andy Warhol | Brillo Soap Pads Box |
| 53 | Andy Warhol | Campbell's Tomato Juice Box |

